**HOME FOLKS MOBILE HOMES, INC., and Nanette Berry, Appellants,**

v.

**MERIDIAN MUTUAL INSURANCE COMPANY, Appellee.**

No. 86–CA–2611–MR.

Court of Appeals of Kentucky.

Oct. 9, 1987.

As Corrected on Denial of Rehearing Dec. 11, 1987.

Discretionary Review Denied by Supreme Court Feb. 23, 1988.

John Bickel, George Thacker, Thacker, Thacker, Bickel, Wetzel & Hodskins, Owensboro, for appellants.

Stephen B. Lee, McCarroll, Nunley & Hartz, Owensboro, for appellee.

Before HOWARD, McDONALD and WILHOIT, JJ.

McDONALD, Judge:

The appellants, Home Folks Mobile Homes, Inc., a corporation solely owned by Richard Berry, and Nanette Berry, Richard's daughter, have appealed from the judgment of the Daviess Circuit Court in favor of the appellee, Meridian Mutual Insurance Company. Nanette Berry was involved in an accident in July, 1985, while driving a car owned by someone other than herself or her father. Meridian filed this declaratory judgment action to determine whether the policy it had issued to Home Folks Mobile Homes, Inc., afforded any coverage for the injuries caused by the alleged negligence of Nanette and whether it had a duty to defend Nanette in the suits filed against her.

The policy at issue was a Business Auto policy. There is no dispute that the policy also provided coverage and that a premium was paid for the nonbusiness use of those vehicles specified on the declaration page. Richard Berry testified that he sought automobile liability coverage both for his business and family. Bobby Baize, Meridian's agent, testified that his notes of a

conversation with Berry indicated Berry indeed wanted "full coverage." Several endorsements were appended to the policy, two of which, for example, provided personal injury protection and uninsured motorists insurance. Meridian insists, however, that it provided no coverage for Nanette's accident, that is, coverage commonly known as "drive other car" coverage, and that its liability extended only to the use of the specific automobiles listed on the declaration sheet of the policy. "Drive other car" coverage would ordinarily come with a family automobile policy if bought separately.

The appellants argue that they were entitled to summary judgment on the issue of coverage because of the inclusion of the endorsement CA 99 17. This endorsement, like the others, is headed in large, bold print with the following: "THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY." It is entitled "INDIVIDUAL NAMED INSURED" and begins:

> If you are an individual, the policy is changed as follows: ...
> B. CHANGES IN LIABILITY INSURANCE
>
> . . . . .
>
> 2. PERSONAL AUTO COVERAGE
> While any auto you own of the private passenger type is a covered auto under the LIABILITY INSURANCE:
>
> . . . . .
>
> b. *Any auto you don't own is a covered auto while being used by you or by any family member* except:
> [four exceptions follow which are not applicable; emphasis our own.]

In granting summary judgment for Meridian, the trial court concluded the endorsement did not apply in this case as it, in "clear and unequivocal language," provided the additional coverage only if the insured was an individual; and the named insured, Home Folks Mobile Homes, Inc., was not an individual but a "business corporation."

The trial court's determination, however, overlooks the ambiguity created by the inclusion of the endorsement in the policy which by its own terms would never have any effect. Generally, ambiguities in insurance policies, as with other contracts, are construed against the drafter. *Wolford v. Wolford*, Ky., 662 S.W.2d 835 (1984); *State Automobile Mutual Insurance Company v. Ellis*, Ky.App., 700 S.W.2d 801 (1985). Meridian insists that CA 99 17 does not contain any language which creates an ambiguity. Nevertheless we believe an ambiguity has arisen simply by virtue of the insurer's inclusion of the endorsement in the policy. In its brief Meridian states that the endorsement was included "for exactly the reason stated in the endorsement itself, to change the policy if the named insured was an individual as opposed to a corporation." This explanation is nonsensical as the insurance carrier was obviously aware that the named insured was not an individual but a corporation. Meridian has simply offered no reason, nor can we think of any, for including the endorsement unless it was to provide the expanded personal coverage as requested by the insured. As the Supreme Court noted in *Simon v. Continental Ins. Co.*, Ky., 724 S.W.2d 210, 212 (1987), "[w]e do not accept as a fact that the parties, in good faith, intended to bargain for insurance that paid no benefits." Thus, as the endorsement explicitly sets out that it "changes" the policy, and as the endorsement provides "drive other car" coverage not provided elsewhere in the policy, the insured could reasonably expect the endorsement was meant to extend such coverage to members of the Berry family. The "doctrine of reasonable expectations" is one, as explained in *Simon*, appropriate for resolving such ambiguities. *Id.*, p. 213. *See also* 1A R. Long, *The Law of Liability Insurance* § 5.12 (1987).

The judgment of the Daviess Circuit Court is reversed and remanded for further proceedings on the merits of the complaint.

HOWARD, J., concurs.

WILHOIT, J., concurs in result and files a separate opinion.

WILHOIT, Judge, concurring.

I concur in the result reached by the majority because I believe as the evidence now stands there is an issue of material fact as to the intent of the parties with respect to "drive other car" coverage. The endorsement for this coverage is not patently ambiguous but, as pointed out by the majority, the circumstances as a whole are indicative of a latent ambiguity.