Samuel APGAR et al.

v.

COMMERCIAL UNION INSURANCE
COMPANY et al.

Supreme Judicial Court of Maine.

Submitted on Briefs May 22, 1996.

Decided Sept. 23, 1996.

John C. Nivison, Pierce, Atwood, Scribner, Allen, Smith & Lancaster, Augusta, for Plaintiffs.

Martica S. Douglas, Douglas, Whiting, Denham & Rogers, Portland, James C. Hunt, Robinson, Kriger & McCallum, Portland, for Defendants.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA, and LIPEZ, JJ.

GLASSMAN, Justice.

Samuel Apgar and Christine Apgar appeal from the summary judgment entered in the Superior Court (Kennebec County, *Alexander, J.*) in favor of Commercial Union Insurance Company and Metropolitan Property & Casualty Insurance Company on the Apgars' complaint seeking underinsured motorists coverage for damages arising from an automobile accident involving Christine. The Apgars contend the trial court erroneously determined, as a matter of law, that the Apgars' injuries are not covered by the underinsured motorists provisions of the insurance policy issued by Commercial Union. Because we conclude that the identity of the named insured in the Commercial Union policy is ambiguous, we vacate the judgment.

The record discloses the following undisputed facts: On December 15, 1993, the vehicle being operated by Christine, a 1990 Volvo titled and registered to Christine and Samuel, who are married and reside in the same household, was struck from behind by a vehicle operated by Mary Winchenbach. Winchenbach had an insurance policy with liability coverage limits of $100,000 per person and $300,000 per accident. The Apgars had a policy issued to them by Metropolitan listing the Volvo as a covered automobile and providing underinsured motorists coverage limit-

ed to $100,000 per person and $300,000 per accident. Also in effect at the time of the accident was a business automobile insurance policy issued by Commercial Union, designating on three of its four declarations pages that the named insured is Apgar Imaging Systems, a corporation of which Samuel is the sole shareholder, and providing underinsured motorists coverage limited to $500,000.

Winchenbach's insurer paid the Apgars $100,000, the limit of its liability, for damages suffered by them as a result of the collision. The Apgars filed the present complaint against Commercial Union and Metropolitan seeking to recover their damages in excess of $100,000 pursuant to the underinsured motorists provisions of the respective policies. After a hearing on cross-motions for a summary judgment, the trial court concluded as a matter of law that the Commercial Union policy does not provide underinsured motorists coverage for the Apgars' claimed damages and granted the motions of the defendant insurers.[1] From the judgment entered accordingly, the Apgars appeal.

The Apgars contend, *inter alia*, that because the Commercial Union policy contains an ambiguity as to the question of coverage, the trial court erred by granting the defendants' motions for a summary judgment. We agree.

A summary judgment is proper if the record discloses that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law. *Vella v. Town of Camden*, 677 A.2d 1051, 1055 (Me.1996); M.R.Civ.P. 56(c). "We independently determine whether the record supports the conclusion that there is no genuine issue of material fact and that the prevailing party is entitled to a judgment as a matter of law." *Jacques v. Pioneer Plastics, Inc.*, 676 A.2d 504, 506 (Me.1996) (citation omitted).

In *Maine Drilling & Blasting, Inc. v. Insurance Co. of N. Am.*, 665 A.2d 671, 674–75 (Me.1995), we reaffirmed our holding in *Peer-*

*less Ins. Co. v. Brennon*, 564 A.2d 383, 384–85 (Me.1989), stating:

> Whether a given insurance contract is ambiguous is a question of law for the court. *E.g., Banker's Life Ins. Co. of Nebraska v. Eaton*, 430 A.2d 833, 834 (Me.1981). "The language of a contract of insurance is ambiguous if it is reasonably susceptible of different interpretations." *Brackett v. Middlesex Ins. Co.*, 486 A.2d 1188, 1189 (Me.1985). In addition, "[a] policy is ambiguous if an ordinary person in the shoes of the insured would not understand that the policy did not cover claims such as those brought...." *Allstate Ins. Co. v. Elwell*, 513 A.2d 269, 271 (Me.1986). Nevertheless, "[t]he court must interpret unambiguous language in a contract according to its plain and commonly accepted meaning." *Brackett v. Middlesex Ins. Co.*, 486 A.2d at 1190. Finally, in determining whether an insurance contract is ambiguous, the long-standing rule in Maine requires an evaluation of the instrument as a whole.

> A contract of insurance, like any other contract, is to be construed in accordance with the intention of the parties, which is to be ascertained from an examination of the whole instrument. All parts and clauses must be considered together that it may be seen if and how far one clause is explained, modified, limited or controlled by the others.

In applying these well-settled principles, we review the language of the instrument *de novo*. *Globe Indem. Co. v. Jordan*, 634 A.2d 1279, 1282 (Me.1993).

▮ The policy contains four declarations pages pertaining to the same policy period. Three of the declarations pages designate the named insured as "APGAR IMAGING SYSTEMS" and the fourth designates the named insured as "APGAR IMAGING DBA" and "APGAR OFFICE SYSTEMS." All of the

---

1. Because the underinsured motorists coverage provided by the Metropolitan policy does not exceed the liability coverage of the policy insuring Winchenbach, Metropolitan potentially is liable for the Apgars' claim of damages only if the Commercial Union policy provides the coverage sought by the Apgars, in which case the Apgars

can stack the underinsured motorists coverage limits of the two policies. *Connolly v. Royal Globe Ins. Co.*, 455 A.2d 932, 935 (Me.1983) (status of tortfeasor as underinsured motorist can be determined by aggregating the underinsured motorists coverage limits of insured's insurance policies).

declarations pages also state: "Form of Named Insured's Business: INDIVIDUAL" and "Named Insured's Business: PERSONAL USE."

The policy includes an uninsured motorists coverage endorsement and an individual named insured endorsement. The uninsured motorists coverage endorsement provides in pertinent part:

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

### MAINE UNINSURED MOTORISTS COVERAGE

This endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM

. . . .

**A. COVERAGE**

1. We will pay all sums the "insured" is legally entitled to recover as damages from the owner or driver of an "uninsured motor vehicle". The damages must result from "bodily injury" sustained by the "insured" caused by an "accident". The owner's or driver's liability for these damages must result from the ownership, maintenance or use of the "uninsured motor vehicle".

. . . .

**B. WHO IS AN INSURED**

1. You.
2. If you are an individual, any "family member".
3. Anyone else "occupying" a covered "auto" or a temporary substitute for a covered "auto". . . .
4. Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured".

. . . .

The individual named insured endorsement to the policy provides in pertinent part as follows:

### INDIVIDUAL NAMED INSURED

This endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM

. . . .

*If you are an individual,* the policy is changed as follows:

**A. CHANGES IN LIABILITY COVERAGE**

. . . .

2. PERSONAL AUTO COVERAGE
    While any "auto" you own of the "private passenger type" is a covered "auto" under LIABILITY COVERAGE:
    a. The following is added to WHO IS AN INSURED:
    "Family members" are "insureds" for any covered "auto" you own of the "private passenger type". . . .

. . . .

**C. ADDITIONAL DEFINITIONS**

1. The following is added to the DEFINITIONS Section:
    "Family member" means a person related to you by blood, marriage or adoption who is a resident of your household, including a ward or foster child.
2. The words "you" and "your" include your spouse if a resident of the same household except for notice of cancellation.

. . . .

(Emphasis added).

The basic issue before us is whether the policy is reasonably susceptible of an interpretation that would include Samuel as the named insured, and thus within the meaning of the term "you," thereby qualifying the Apgars as "insureds" within the meaning of Section B of the uninsured motorists coverage endorsement. The defendant insurers argue that the policy is unambiguous and cannot be construed as including Samuel within the meaning of the word "you" because (1) the "BUSINESS AUTO COVERAGE FORM" of the policy states, *inter alia,* "[t]hroughout this policy the words 'you' and

'your' refer to the Named Insured shown in the Declarations" and (2) the declarations page renewing the contract for the policy period at issue unambiguously designates the named insured as "APGAR IMAGING SYSTEMS." The Apgars contend that despite its named insured designation, the policy reasonably can be interpreted to include Samuel within the meaning of the term "you." In support of their argument, they point to the designations in the declarations pages of the policy describing the form of the named insured's business as "INDIVIDUAL" and the named insured's business as "PERSONAL USE." They also point to the inclusion of the individual named insured endorsement which, by its terms, is meaningless if Samuel is not included within the meaning of the word "you."

The policy's designation of the named insured, although relevant to providing "some insight into the intent of the contracting parties," is not, by itself, dispositive of the coverage question before us. *Langer v. United States Fidelity & Guaranty Co.*, 552 A.2d 20, 22 (Me.1988). Rather, we examine the entire contract of insurance, including the "INDIVIDUAL" and "PERSONAL USE" designations on the declarations pages and the existence of the individual named insured endorsement, to determine whether the policy is ambiguous as a matter of law.

Commercial Union provides no explanation for the individual named insured endorsement to the policy. To support its contention that the policy is unambiguous, Commercial Union mistakenly relies on our decision in *Langer* to argue that this endorsement is "surplusage" and should be considered a nullity. In *Langer*, we determined that a business automobile policy issued to the state on its fleet of automobiles did not cover a ward of the state residing in the Military and Naval Children's Home, a state-operated institution. We reasoned that neither the state nor its insurer had *any* expectation or intent that the family coverage clause appearing in the body of the standard business automobile policy would cover a ward of the state injured in an accident involving no state vehicle, no state employee and no state supervision. Accordingly, we interpreted the clause

as "simply [having] no operative effect." *Id.* 552 A.2d at 21, 22.

Here, viewing the language on the declarations pages of the policy designating the form of the named insured's business as "INDIVIDUAL" and the named insured's business as "PERSONAL USE," together with the existence of the individual named insured endorsement, it cannot be said as a matter of law that the endorsement is surplusage or a nullity and that the insurance policy is unambiguous. *See Home Folks Mobile Homes, Inc. v. Meridian Mut. Ins. Co.*, 744 S.W.2d 749, 750 (Ky.Ct.App.1987) (as to applicability of individual named insured endorsement, which by its terms was effective only if the named insured was an individual, business automobile policy designating corporation as named insured rendered ambiguous "simply by virtue of the insurer's inclusion of the endorsement in the policy."). *See also Greenbaum v. Travelers Ins. Co.*, 705 F.Supp. 1138 (E.D.Va.1989) (business automobile liability policy designating named insured as "ETC GROUP, ROY V. SUTTON, HENRY M. SIBLEY AND FRANK B. BRADLEY, DBA," construed in light of, *inter alia*, individual named insured endorsement, reasonably could be understood as covering the partnership, the individual partners, or both, and was therefore ambiguous); *Purcell v. Allstate Ins. Co.*, 168 Ga.App. 863, 310 S.E.2d 530, 531–32 (1983) (inclusion of individual named insured endorsement in business automobile policy designating named insured under the trade name "Purcell Radiator Serv.," an "individual" business, was "inconsistent with [trial court's] holding that, as a matter of law, the clear 'intent' of the policy was to exclude all personal coverage thereunder.").

■■■ The function of the court is not to make a new contract for the parties by enlarging or diminishing its terms, but is " 'to ascertain the meaning and intention of [the contract] *actually made.*' " *Tinker v. Continental Ins. Co.*, 410 A.2d 550, 554 (Me.1980) (quoting *Johnson v. American Automobile Ins. Co.*, 131 Me. 288, 293, 161 A. 496, 498 (1932)). The rule of construction that a policy should be construed more strongly in favor of coverage " 'is a rule of last resort

which must not be permitted to frustrate the intention the parties have expressed, if that can otherwise be ascertained.'" *Langer,* 552 A.2d at 21 (quoting *Tinker,* 410 A.2d at 554). Here, because the ambiguous policy language "cannot be resolved by looking to the internal language of the contract as a whole, extrinsic evidence may be considered to assist in interpreting the meaning of the language at issue as the expression of the intent of the parties." *Tinker,* 410 A.2d at 553–54 (citation omitted). Because "the record does not completely eliminate the possibility of an issue of material fact concerning the intent of the parties, summary judgment is inappropriate." *Tondreau v. Sherwin–Williams Co.,* 638 A.2d 728, 730 (Me.1994) (citing *Baybutt Constr. Corp. v. Commercial Union Ins. Co.,* 455 A.2d 914, 922 (Me.1983) (overruled on other grounds)). "The proper interpretation of the ambiguous language is to be determined by the trier of fact on the basis of evidence presented to it at the time of trial." *Devine v. Roche Biomedical Lab., Inc.,* 637 A.2d 441, 445 (Me.1994) (citation omitted).

The entry is:

Judgment vacated. Remanded for further proceedings consistent with the opinion herein.

All concurring.