**SEACO INSURANCE COMPANY, Plaintiff,**

v.

**Laura DAVIS–IRISH, Defendant.**

**No. CIV. 01–166–P–H.**

United States District Court, D. Maine.

Jan. 17, 2002.

John S. Whitman, Esq., Richardson, Whitman, Large & Badger, Portland, ME, for Seaco Insurance Company, for plaintiff.

William D. Robitzek, Esq., Berman & Simmons, P.A., Lewiston, ME, for defendant.

## ORDER

HORNBY, Chief Judge.

This declaratory judgment lawsuit is a controversy over the meaning of a "Business Auto Policy" issued by Seaco Insurance Company.[1] The named insured is Garrand & Company Inc. Policy at 2. Only one company-owned vehicle is listed, a 1998 Volvo. *Id.* at 5. The policy carries an endorsement for "Maine Uninsured Motorists Coverage." *Id.* at 17. It provides that Seaco "will pay all sums the 'insured' is legally entitled to recover as compensatory damages from the owner or driver of an 'uninsured motor vehicle.'" *Id.* It then has a section captioned "Who Is An Insured" that reads as follows:

### B. WHO IS AN INSURED

1. You.

2. If you are an individual, any "family member".

3. Anyone else "occupying" a covered "auto" or a temporary substitute for a covered "auto". The covered "auto" must be out of service because of its breakdown, repair, servicing, loss or destruction.

4. Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured".

*Id.* at 17–18. The question here is whether a Garrand & Company employee, a passenger in a non-Company car, has uninsured motorist coverage under this Seaco policy. Laura Davis–Irish is the employee/passenger, and she was seriously injured while in the course of her employment with Garrand & Company by an uninsured motorist. Stipulation of Facts ("Stip.") ¶¶ 2–3. Paragraph 4 is obviously inapplicable. Paragraph 3 does not apply because Davis–Irish was not occupying the 1998 Volvo, the only "covered 'auto,'" and the Volvo was not out of service. (Davis–Irish was in a non-Company car because it is Company policy that employees not use Company cars. Stip. ¶ 9.) The dispute is over paragraphs 1 and 2. By any ordinary use of the language, they do not provide coverage for Davis–Irish. According to the general definitions of the Business Auto Coverage, "[t]hroughout this policy the words 'you' and 'your' refer to the Named Insured shown in the Declarations." Policy at 6. Therefore, the "You" in this uninsured motorist endorsement, where Garrand & Company is the named insured under the policy, can only reasonably be understood as referring to Garrand & Company. Garrand & Company is a corporation, not an individual. Paragraphs 1 and 2, therefore, provide no unin-

---

1. The parties have presented the liability issue on stipulated facts. Although they have styled their arguments (motions and memoranda) as for summary judgment, I treat them as moving for judgment on the stipulated record. *See Boston Five Cents Savings Bank v. Sec'y of Dep't of HUD,* 768 F.2d 5, 11–12 (1st Cir. 1985).

sured motorist coverage for Company employees, and there is no ambiguity about it.

Davis–Irish's major argument against this conclusion is that it will render the uninsured motorist coverage meaningless for a policy issued to a corporation. That is just not so. The Maine Uninsured Motorist Coverage endorsement is obviously a general purpose endorsement for use in a variety of policy formats in Maine, and is designed to produce different outcomes depending on whether the named insured is an individual or not. For a corporate policy, paragraph 3 would provide coverage when the Company car or a substitute was used. Paragraph 4 might apply in the same circumstances (*i.e.*, the occupant of the covered car would be an insured and therefore someone else might get coverage under the circumstances described in paragraph 4—presumably damages for loss of society). The fact that paragraphs 1 and 2 alone will never result in uninsured coverage in a corporate policy proves nothing.[2] Davis–Irish also argues that because a corporation can act only through its officers and employees, it is reasonable to interpret the "you" in a corporate policy as including the officers and employees.

That is not a reasonable reading of the language, and runs contrary to the thrust of Maine Law Court precedent. *See, e.g., Langer v. U.S. Fidelity & Guaranty Co.,* 552 A.2d 20, 22 (Me.1988) (where State of Maine was named insured, wards of the state are not within "family coverage"); *see also Smith v. Reliance Nat'l Indem. Co.,* No. 00–93–P–H, 2000 WL 1357523 (D.Me. Sept.18, 2000) (policy insuring Maine Conference of the United Church of Christ, a corporation, does not insure individual members of the Conference), *aff'd* No. 00–93–P–H (D.Me. Oct.13, 2000).[3]

Because I find no ambiguity in the policy and no uncertainty concerning the Law Court precedents, I **DENY** the motion to certify to the Maine Law Court. I find that there is no coverage under the Seaco policy. The Clerk shall accordingly enter judgment in favor of the plaintiff insurer and against the defendant.

**SO ORDERED.**

2. Maine's Uninsured Motorist statute does not help the analysis. Davis–Irish has properly agreed that the statute does not mandate coverage, although she does argue that the statutory policies should lead the court in her direction in cases of ambiguity. Def.'s Mem. in Support of Summ. J. at 4 (Jan. 11, 2000). I find no ambiguity.

The parties have also debated the relevance of surrounding coverage. *See, e.g., id.* at 5. (Davis–Irish has obtained benefits from the insurer of the owner of the car in which she was a passenger and has a claim pending against her own auto insurance carrier.) I find no relevance in the availability or unavailability of surrounding coverage.

3. *Apgar v. Commercial Union Ins. Co.,* 683 A.2d 497 (Me.1996), is not to the contrary. That case also involved a business automobile insurance policy that had the same definitions

in its endorsement for uninsured motorist coverage. The important differences in *Apgar,* however, are that the Declarations Page of the so-called business coverage policy inexplicably listed the form of the named insured's business as "INDIVIDUAL" and listed the named insured's business as "PERSONAL USE." *Id.* at 499. The policy also carried an individual named insured endorsement that stated "[i]f you are an individual," the policy would be changed in certain other respects, including the definitions of "you" and "your." *Id.* The insurer had no explanation for the presence of the individual named insured endorsement. The statements on the Declarations page and the individual named insured endorsement therefore created ambiguities in the policy's coverage that required a trial to determine its meaning. *Id.* at 500. There is no such ambiguity here.