# United States Court of Appeals
## For the First Circuit

No. 02-1143

SEACO INSURANCE COMPANY,
Plaintiff, Appellee,

v.

LAURA DAVIS-IRISH,
Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MAINE

[Hon. D. Brock Hornby, U.S. District Judge]

Before

Selya, Circuit Judge,

Gibson* and Greenberg,** Senior Circuit Judges.

William D. Robitzek, with whom Paul F. Macri and Berman &
Simmons, P.A. were on brief, for appellant.
John S. Whitman, with whom Richardson, Whitman, Large & Badger
was on brief, for appellee.
Randall B. Weill and Preti, Flaherty, Beliveau, Pachios &
Haley, LLC on brief for National Union Fire Insurance Company,
amicus curiae.

August 20, 2002

---
*Of the Eighth Circuit, sitting by designation.
**Of the Third Circuit, sitting by designation.

**Selya**, **Circuit Judge**.    This appeal arises out of an automobile accident in which a vehicle operated by an uninsured motorist collided with a vehicle driven by Lorraine Wark.    The negligence of the uninsured motorist was the principal cause of the accident.    A passenger in Wark's vehicle, appellant Laura Davis-Irish, sustained serious injuries.    At the time of the crash, Davis-Irish was in the course of her employment with Garrand & Company (Garrand).

Garrand owned a vehicle, not involved in the accident,[1] for which it had purchased a business auto policy underwritten by Seaco Insurance Company (Seaco).    That policy contained uninsured motorist (UM) coverage.    The UM endorsement delineated who was insured for purposes of that coverage.    It read in pertinent part:

**B.  Who Is An Insured**

1.  You.

2. If you are an individual, any "family member".

3.   Anyone else "occupying" a covered "auto" or a temporary substitute for a covered "auto". The covered "auto" must be out of service because of its breakdown, repair, servicing, loss or destruction.

4.  Anyone for damages he or she is entitled to recover because

---

[1]Despite the fact that it owned a vehicle, Garrand generally required its employees to use their own cars for business travel.

                    of "bodily injury" sustained by
                    another "insured".

The policy's declaration page lists the named insured as "Garrand & Company, Inc." and the form of business as "Corporation". The first page of the policy form explains that, throughout the policy, the word "you" refers to the named insured shown in the declarations.

Undeterred by the seemingly clear definition of the key pronoun ("you"), the appellant sought compensation for her injuries under paragraph 1 of the UM endorsement. She posited that "you," as used in this endorsement, reasonably could be understood to include Garrand's employees while acting in the course of their employment. Seaco disagreed. It not only disclaimed coverage for the appellant's injuries but also brought a diversity action in Maine's federal district court seeking a declaratory judgment as to whether the appellant was an insured for purposes of the UM endorsement. The parties stipulated to the critical facts and then cross-moved for summary judgment. See Fed. R. Civ. P. 56. The district court granted Seaco's motion and denied the appellant's.[2] Seaco Ins. Co. v. Davis-Irish, 180 F. Supp. 2d 235 (D. Me. 2002). This appeal followed.

_____

[2]The court also denied the appellant's request to certify the coverage question to the Maine Supreme Judicial Court. That order is not challenged on appeal.

-3-

We need not tarry. The district court's opinion rests on its conclusion that "you," as used in the UM endorsement, is unambiguous and reasonably can be understood to refer only to Garrand. See id. at 236-37. Having carefully considered the record, the policy language, the briefs, and the parties' arguments, we conclude, without serious question, that the district court was correct. We have said before, and today reaffirm, that when a lower court accurately takes the measure of a case and articulates a cogent rationale, it serves no useful purpose for a reviewing court to write at length. See, e.g., Maurice v. State Farm Mut. Auto Ins. Co. 235 F.3d 7, 9-10 (1st Cir. 2000); Chico-Velez v. Roche Prods., Inc., 139 F.3d 56, 58 (1st Cir. 1995); Lawton v. State Mut. Life Assur. Co., 101 F.3d 218, 220 (1st Cir. 1996); Ayala v. Union de Tronquistas de P.R., 74 F.3d 344, 345 (1st Cir. 1996); In re San Juan Dupont Plaza Hotel Fire Litig., 989 F.2d 36, 38 (1st Cir. 1993). Because this is such a case, we affirm the district court's judgment for substantially the reasons elucidated in that court's thoughtful opinion. We add only three brief comments.

**First**: The appellant alleges that the policy provision quoted above is ambiguous and should therefore be construed against Seaco. The appellant's premise is correct in the sense that, under Maine law, ambiguous language in an insurance policy ordinarily is construed against the insurer. E.g., Pine Ridge Realty, Inc. v.

-4-

<u>Mass. Bay Ins. Co.</u>, 752 A.2d 595, 600-01 (Me. 2000); <u>Union Mut.</u> <u>Fire Ins. Co.</u> v. <u>Commercial Union Ins. Co.</u>, 521 A.2d 308, 310 (Me. 1987). But that premise has no application here. The policy language to which the appellant adverts simply is not ambiguous. <u>See</u> <u>Alternative Energy, Inc.</u> v. <u>St. Paul Fire & Marine Ins. Co.</u>, 267 F.3d 30, 35 (1st Cir. 2001) ("A contract need not negate every possible construction of its terms in order to be unambiguous.") (citation omitted); <u>see</u> <u>also</u> <u>Colford</u> v. <u>Chubb Ins Co.</u>, 687 A.2d 609, 614 (Me. 1996) (holding that the <u>contra</u> <u>proferentem</u> principle does not mean that the insured must prevail every time that the insured and the insurer "disagree on the meaning of the contract"). Ambiguity, like beauty, may lie solely in the eye of the beholder – and so it is here.

**Second**: The appellant also asserverates that Seaco's definition of "you" renders the disputed provision – specifically, numbered paragraphs 1 and 2 of that provision – superfluous. That asserveration erroneously assumes that this type of policy is issued exclusively to corporations. The contrary is true. The insurance industry often uses standard forms, and this is a standard form, multi-purpose business auto policy designed for issuance to a variety of insurable entities. The purchaser (and, thus, the named insured) may be a corporation, a partnership, or an individual doing business as a sole proprietor. There is nothing

sinister about an insurer's use of such a "one size fits all" policy form.

Not surprisingly, the provisions of such a policy function somewhat differently depending upon the identity and status of the named insured. When the named insured is an individual, paragraphs 1 and 2 of the UM endorsement are fully operative. The fact that those paragraphs, by their plain language, are not apposite when the named insured is a corporation does not afford us license to stretch the words of the policy and give them an unintended effect. See Langer v. U.S. Fid. & Guar. Co., 552 A.2d 20, 22 (Me. 1988) (declining to give a "strained and unnatural construction" to a provision in a standard business auto policy). In short, the appellant's position confuses superfluity with inapplicability.

**Third**: The appellant relies heavily on the Ohio Supreme Court's decision in Scott-Pontzer v. Liberty Mutual Fire Ins. Co., 710 N.E. 2d 1116 (Ohio 1999). That court examined the language of a substantially similar UM endorsement and determined that the term "you" was ambiguous. Id. at 1119. The court stated:

> It would be nonsensical to limit protection solely to a corporate entity, since a corporation, itself, cannot occupy an automobile, suffer bodily injury or death, or operate a motor vehicle. Here, naming the corporation as the insured is meaningless unless the coverage extends to some person or persons – including to the corporation's employees.

-6-

<u>Id.</u>

We consider <u>Scott-Pontzer</u> an anomaly and we therefore decline to follow it. We have two main reasons for this view. We list them in ascending order of importance.

First, the <u>Scott-Pontzer</u> court was sharply divided (this was a 4-3 decision), and the majority opinion has had a rude reception in its birthplace. The Ohio legislature lost little time in superseding it due to its destabilizing effect on the automobile insurance market. <u>See</u> Ohio Rev. Code Ann. § 3937.18 (Anderson 2002). Moreover, the majority opinion has come under fire in the Ohio courts. <u>See</u>, <u>e.g.</u>, <u>Bianchi</u> v. <u>Moore</u>, 2001 Ohio App. LEXIS 2105, at *20-21 (May 11, 2001).

Second, the majority opinion in <u>Scott-Pontzer</u> appears to deviate from well-established tenets of contract interpretation. The Maine courts have held, with a regularity bordering on the monotonous, that contracts of insurance ought to be construed in a manner consistent with the intent of the parties. <u>See</u>, <u>e.g.</u>, <u>Pine Ridge</u>, 752 A.2d at 601 (explaining that "[t]he touchstone of contract interpretation is the intent of the parties"). The Ohio Supreme Court consciously departed from this tenet. <u>See</u> <u>Scott-Pontzer</u>, 710 N.E. 2d at 1120 (conceding that the conclusion reached by the majority "may be viewed by some as a result that was not intended by the parities to the insurance contract"). Inasmuch as Maine law controls in this diversity case, <u>see</u> <u>Crellin Tech., Inc.</u>

v. <u>Equipmentlease Corp.</u>, 18 F.3d 1, 4 (1st Cir. 1994), adherence to <u>Scott-Pontzer</u> would be improvident. <u>See</u> <u>Daigle</u> v. <u>Maine Med. Ctr.</u>, 14 F.3d 684, 689 (1st Cir. 1994) (describing the proper role of a federal court sitting in diversity jurisdiction).

We need go no further. For the reasons stated both here and in the opinion below, we reject the appellant's suggested interpretation of the UM endorsement. As the district court explained, that interpretation "is not a reasonable reading of the [policy] language, and runs contrary to the thrust of Maine . . . precedent." <u>Seaco Ins.</u>, 180 F. Supp. 2d at 237.

**<u>Affirmed</u>**.