**METROPOLITAN LIFE INSURANCE CO., Plaintiff**

v.

**Beverly A. ZALDIVAR, Sandra L. Zaldivar, Daniel C.E. Zaldivar, and Thomas A. Zaldivar Defendants**

No. CIV.A.02–30012–MAP.

United States District Court, D. Massachusetts.

Sept. 23, 2004.

Mark J. Albano, Dalsey, Ferrara & Albano, Springfield, for Daniel C.E. Zaldivar, Sandra L. Zaldivar, Thomas A. Zaldivar, Defendants.

Stephen S. Churchill, Conn, Kavanaugh, Rosenthal, Peisch & Ford, LLP, Boston, MA, James F. Kavanaugh, Jr., Conn, Kavanaugh, Rosenthal, Peisch & Ford, LLP, Boston, MA, for Metropolitan Life Insurance Company, Plaintiff.

Sean J. Cleary, Amherst, MA, for Beverly A. Zaldivar, Daniel C.E. Zaldivar, Sandra L. Zaldivar, Thomas A. Zaldivar, Defendants.

*MEMORANDUM AND ORDER REGARDING DEFENDANT BEVERLY ZALDIVAR'S MOTION FOR SUMMARY JUDGMENT* (Docket No. 32)

PONSOR, District Judge.

## I. *INTRODUCTION*

The plaintiffs in crossclaim, Sandra, Daniel and Thomas Zaldivar, request that the court place an equitable lien on the proceeds of their father's life insurance policy, which were distributed to Beverly Zaldivar, their father's widow, in violation, they claim, of the divorce decree between their father and their mother. The life insurance policy is governed by the Federal Employees Group Life Insurance Act, 5

U.S.C. §§ 8701 *et seq.* ("FEGLIA"). Beverly Zaldivar, the defendant in cross-claim, argues in her motion for summary judgment that FEGLIA preempts all state common law claims, as well as all equitable remedies. For the reasons set forth below, the court agrees with the defendant's position. Beverly Zaldivar's motion for summary judgment will therefore be allowed.

## II. *FACTUAL BACKGROUND*

To succeed in a motion for summary judgment, the moving party must show that there "is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *see Houlton Citizens' Coalition v. Town of Houlton,* 175 F.3d 178, 184 (1st Cir.1999). The court must consider the facts "and all reasonable inferences therefrom in the light most hospitable" to the non-moving party. *Id.*

Albert Zaldivar worked as an employee of the United States Postal Service. He was twice married, with three children from his first marriage: Sandra, Daniel and Thomas ("Zaldivar children"). As part of his divorce settlement from his first marriage, Albert agreed to maintain a life insurance policy and make his three children the beneficiaries. This agreement was memorialized in an order entered by the Supreme Court of the State of New York, Queens County, on July 2, 1982. Additionally, on January 10, 1989, the Superior Court of the State of New Hampshire, Hillsborough County, ordered Albert to continue the life insurance coverage for the benefit of his three children.

Despite his agreement and the court orders, Albert changed the beneficiary of his life insurance policy once his children were adults, naming his second wife, Beverly, as beneficiary instead. As a result, at the time of Albert's death on June 25, 2001, Beverly was the sole beneficiary listed for Albert's life insurance policy. When Albert died, his children submitted to the insurance company, Metropolitan Life Insurance Company ("MetLife"), a copy of the court order and sought payment of the proceeds to them and not Beverly.

MetLife brought an interpleader action against the Zaldivar children and Beverly Zaldivar seeking guidance as to the proper payment of the life insurance proceeds. The Zaldivar children brought a counterclaim against MetLife and a crossclaim against Beverly. MetLife then filed a motion for summary judgment. Beverly filed a motion purporting to support MetLife's motion.

In ruling on Metlife's motion, the court noted that the life insurance policy, issued through Albert's employment, was governed by FEGLIA. The court found that, pursuant to FEGLIA and its regulations, MetLife's sole obligation was to pay the proceeds of the life insurance policy to the named beneficiary. Accordingly, the court granted MetLife's motion,[1] thus permitting the disbursement of the life insurance policy proceeds to Beverly.

As for Beverly's motion in "support" of Metlife's motion, the court treated it as a separate motion for summary judgment on the crossclaim filed by the children. Because the contractual and equitable arguments for the crossclaim against Beverley differed somewhat from the arguments favoring MetLife, the court denied Beverly's motion without prejudice. Since then, Beverly has filed a Supplemental Motion for Summary Judgment that the Zaldivar children oppose and which the court must now consider.

## III. *DISCUSSION*

The parties agree that the disputed life insurance policy is governed by FEGLIA

---

1. Docket No. 30.

and that Albert Zaldivar made a designation of Beverly as the beneficiary in accordance with FEGLIA and its regulations. The Zaldivar children argue that the court should now impose a constructive trust on these funds because, as they allege in their crossclaim, payment of the life insurance funds to Beverly constitutes a breach of the divorce settlement, in contravention of the two state court orders, and would therefore unjustly enrich Beverly. The question before the court is what effect the New York and New Hampshire court orders have on Beverly's receipt of the life insurance funds. In other words, does FEGLIA preempt these common law and equitable claims?

■ Numerous federal courts have held that, where state laws conflict with FEGLIA's provisions, FEGLIA preempts state law. *Prudential Ins. Co. v. Hinkel*, 121 F.3d 364, 367 (8th Cir.1997) ("It has been consistently held in regard to FEGLIA that a divorce decree cannot operate as a waiver or restriction of an insured's right to change the beneficiary when federal regulations conflict."); *Metropolitan Life Ins. Co. v. Sullivan*, 96 F.3d 18, 20 (2d Cir.1996) ("To the extent that New York law allows for a change of beneficiaries by third parties, it conflicts with FEGLIA and is preempted."); *Metropolitan Life Ins. Co. v. Christ*, 979 F.2d 575, 580 (7th Cir.1992) ("...FEGLIA preempts the divorce decree and constructive trust remedy ...."); *Dean v. Johnson*, 881 F.2d 948, 949 (10th Cir.1989) ("The state domestic relations court order ostensibly restricts the federal insured's right to designate a beneficiary and thus cannot be valid under

FEGLIA."); *O'Neal v. Gonzalez*, 839 F.2d 1437, 1440 (11th Cir.1988) ("...Congress intended to establish ... an inflexible rule that the beneficiary designated in accordance with the statute would receive the policy proceeds, regardless of other documents or the equities in a particular case.").[2] These federal authorities, particularly the Seventh Circuit's *Christ* decision, powerfully underline the unavoidable conclusion that FEGLIA completely preempts state laws, including equitable remedies, with the effect, in this case, that Beverly Zaldivar's motion must be allowed.

■ The doctrine that federal law preempts state law derives from the Supremacy Clause of the United States Constitution. U.S. Const. Art. VI, cl. 2 ("[T]he laws of the United States ... shall be the supreme Law of the Land ... any Thing in the Constitution or the Laws of any State to the Contrary notwithstanding."). Whether a particular federal law preempts state law "depends 'on statutory intent.'" *Christ*, 979 F.2d at 578. Accordingly, the first place to start is the language of the statute itself. *Id.*

Enacted in 1954, FEGLIA provides low-cost group life insurance to federal employees. Section 8705 of FEGLIA "sets out precisely to whom insurance benefits are to be paid when a participating employee dies." *Id.* at 576. The order of preference specifies that the insurance "shall be paid" first to "the beneficiary ... designated by the employee in a signed and witnessed writing received before death in the employing office." 5 U.S.C. § 8705(a). If the insured does not designate a beneficiary, the statute provides a

---

2. In contrast, numerous state courts have held to the contrary. *E.g. Kidd v. Pritzel*, 821 S.W.2d 566, 575 (Mo.App.1991) (holding that the plaintiffs' state claims in equity were not preempted by FEGLIA); *Sedarous v. Sedarous*, 285 N.J.Super. 316, 666 A.2d 1362, 1363 (1995) (holding that "FEGLIA does not preempt the power of the state court to impose a constructive trust on the proceeds of the insurance after the death of the obligor spouse"); *Eonda v. Affinito*, 427 Pa.Super. 317, 629 A.2d 119, 123 (1993) (holding that "a state court-imposed constructive trust [does not] contravene[] any of the federal interests underlying FEGLIA" and thus is not preempted by FEGLIA).

distribution order among the insured's surviving family. *See id.* This section also spells out how beneficiary designations are to be executed. The writing must be signed, witnessed, *and received* by the employer before the death of the insured, and a designation or a change in designation in a will or other document "not so executed and filed has no force or effect."[3] *Id.*

As the Seventh Circuit stated in *Christ*, the language of the statute is unambiguous; it expressly dictates to whom the insurance proceeds should be paid, both when there is a proper designation and when no designation is made. A state court order mandating to whom FEGLIA insurance policies are to be designated conflicts with the language of FEGLIA. *Id.* at 579. In addition, the imposition of the constructive trust on the proceeds also conflicts with FEGLIA's statutory scheme. A constructive trust would require that the proceeds of the policy be distributed to someone other than the beneficiary, who, pursuant to FEGLIA's order of preference, is the person who "shall be paid." *Id.;* § 8705(a). "This, in turn, gives 'force and effect' to a beneficiary designation not made according to FEGLIA's requirements ...." *Id. Contra Kidd v. Pritzel,* 821 S.W.2d 566, 569 (Mo.App.1991) (stating that the order of preference provisions serve the "sole purpose" of providing for "the speedy and economical settlement of claims"). Thus, the court must conclude that FEGLIA preempts state laws, including any claims of a constructive trust; to conclude otherwise would be contrary to the language of the statute.

Section 8709(d) of the act further supports this conclusion. This section provides that the payment provisions of contracts made pursuant to FEGLIA preempt state laws which relate to group life insurance to the extent that the two are inconsistent. This broad preemption clause "reinforces the conclusion that FEGLIA's order of precedence preempts the constructive trust remedy." *Id.* at 579. *Contra Sedarous v. Sedarous,* 285 N.J.Super. 316, 666 A.2d 1362, 1365 (1995) (finding that the preemption provision of FEGLIA is not so broad as to support the conclusion that Congress intended FEGLIA to preempt state laws in an area—namely domestic relations—that has been traditionally left to the states).

In addition to the unambiguous language of the statute, the Supreme Court's decision in *Ridgway v. Ridgway,* 454 U.S. 46, 102 S.Ct. 49, 70 L.Ed.2d 39 (1981), strongly supports the conclusion that FEGLIA preempts all state laws and equitable remedies. In *Ridgway,* the court held that a constructive trust could not be imposed on insurance proceeds from a Serviceman's Group Life Insurance Act ("SGLIA") policy. The same rationale employed by the Supreme Court in holding that SGLIA preempted constructive trusts applies with equal force to FEGLIA.

In *Ridgway,* the Court concluded that SGLIA's statutory scheme—specifically, its order of preference and beneficiary designation section—preempted the state law remedy because the divorce decree and constructive trust remedy at issue "interfered with [the insured's] right to designate his beneficiary and with the statutory order of preference." *Christ,* 979 F.2d at 580 (citing *Ridgway,* 454 U.S. at 55–57, 102 S.Ct. 49). As noted by the Seventh Circuit, SGLIA is "an insurance program nearly identical to FEGLIA in almost all important respects." *Christ,* 979 F.2d at 580. The similarities between SGLIA and FEGLIA statutory schemes justify concluding that the Court's reasoning in *Ridg-*

---

**3.** As noted earlier, there is no dispute that the deceased, Albert, complied with the requirements of this section and validly designated, pursuant to FEGLIA, Beverly as the beneficiary of his life insurance policy.

*way* applies here to preclude the imposition of a constructive trust.

Finally, the strongest argument in favor of finding that FEGLIA preempts all state law is Congress' recent amendment to the act. In 1998, Congress changed FEGLIA to allow outside documents to change the order of benefit distribution "in specific, limited circumstances." *Metropolitan Life Ins. Co. v. Holland*, 134 F.Supp.2d 1197, 1200 n. 2 (D.Or.2001). FEGLIA now provides that "[a]ny amount which would otherwise be paid to a person determined under the order of precedence named by subsection (a) shall be paid (in whole or in part) by the Office to another person if and to the extent expressly provided for in the terms of any court decree of divorce, annulment, or legal separation, or the terms of any court order or court-approved property settlement agreement incident to any court decree of divorce, annulment, or legal separation." 5 U.S.C. § 8705(e)(1). However, for such a court order to be effective, it must be received by the employing agency "before the date of the covered employee's death." § 8705(e)(2).

In amending FEGLIA to permit court decrees in divorce settlements to govern the designation of beneficiaries to FEGLIA life insurance policies, Congress recognized the importance of allowing state courts to have power over the disbursement of FEGLIA insurance proceeds for the benefit of families and children *under specific, limited conditions.* Congress could just as easily have amended FEGLIA to allow *all* state court decrees in divorce settlements, as well as other equitable remedies, to change the designation of beneficiaries, regardless of whether the employing agency received notice of the order. Congress did not do so. The language of the statute explicitly and clearly provides that the employing agency must (1) receive a copy of the court order (2) before the death of the insured.

To alter the designation of a beneficiary in this case by imposing a constructive trust would directly contradict the language of § 8705(e) that specifically mandates the conditions that must be met for a court divorce decree to be given effect. The court therefore finds that FEGLIA preempts plaintiffs'-in-crossclaim state law claims, including the request for the imposition of a constructive trust on the proceeds of the life insurance policy.

### IV. *CONCLUSION*

For the reasons set forth above, defendant's-in-crossclaim Supplemental Motion for Summary Judgment is hereby ALLOWED.

The clerk will enter judgment for plaintiff on the complaint, judgment for plaintiff on the counterclaim of Sandra, Daniel, and Thomas Zaldivar, and judgment for Beverly Zaldivar on the crossclaim of Sandra, Daniel, and Thomas Zaldivar. This case may be closed.

It is So Ordered.