# United States Court of Appeals

## For the First Circuit

No. 04-2469

METROPOLITAN LIFE INSURANCE COMPANY,

Plaintiff,

v.

BEVERLY A. ZALDIVAR,

Defendant, Appellee,

&

SANDRA L. ZALDIVAR, DANIEL C.E. ZALDIVAR,
and THOMAS A. ZALDIVAR,

Defendants, Appellants.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Michael A. Ponsor, U.S. District Judge]

Before

Lynch, Circuit Judge,
Baldock,* Senior Circuit Judge,
and Lipez, Circuit Judge.

Sean J. Cleary for appellee.

Mark J. Albano, with whom Dalsey, Ferrara & Albano was on the brief, for appellants.

June 27, 2005

---

* Of the Tenth Circuit Court of Appeals, sitting by designation.

**BALDOCK, Senior Circuit Judge.** The sole issue before us on appeal is whether the Federal Employees Group Life Insurance Act (FEGLIA), 5 U.S.C. §§ 8701-8716, preempts a state law claim for the imposition of a constructive trust upon the proceeds of a federal group life insurance policy. We hold that it does.

The facts are not in dispute. Decedent Albert Zaldivar was an employee of the United States Postal Service. A state divorce decree from his first marriage (originally entered in New York and subsequently ratified in New Hampshire) directed decedent to name his three children, Appellants Sandra L. Zaldivar, Daniel C.E. Zaldivar, and Thomas A. Zaldivar, as beneficiaries of his federal group life insurance policy. Notwithstanding the decree, decedent named his second wife, Appellee Beverly Zaldivar, as sole beneficiary of the policy once his children reached adulthood.

Upon decedent's death in June 2001, the policy issuer, Metropolitan Life Insurance Company (MetLife), initiated this interpleader action in federal district court. See Fed. R. Civ. P. 22. The district court permitted disbursement of the policy proceeds to Beverly. Thereafter, the children moved the court, pursuant to state law, to impose a constructive trust on the proceeds. The court denied the motion and entered judgment in favor of Beverly, holding FEGLIA preempted the children's state law claim.

The district court issued a thorough, well-reasoned opinion. Metropolitan Life Ins. Co. v. Zaldivar, 337 F. Supp. 2d 343 (D. Mass. 2004). To support its holding that FEGLIA preempted

-4-

the state law claim, the court relied on FEGLIA's (1) language and scheme, (2) the overwhelming weight of federal court authority holding FEGLIA's provisions preempt state law, and (3) a 1998 amendment to FEGLIA allowing domestic relations orders to alter FEGLIA's benefit distribution scheme under specified circumstances. Id. at 346-48.

We have carefully reviewed the record, the applicable law, and the parties' briefs, and conclude the district court reached the correct result. We have repeatedly opined that "when a lower court accurately takes the measure of a case and articulates a cogent rationale, it serves no useful purpose for a reviewing court to write at length." Seaco Ins. Co. v. Davis-Irish, 300 F.3d 84, 86 (1st Cir. 2002) (citing cases). Thus, we affirm the district court's judgment for substantially the reasons set forth in its opinion. We add only these brief comments.

The Supreme Court's decision in Ridgway v. Ridgway, 454 U.S. 46 (1981), dictates the outcome of this case. In Ridgway, the issue was whether a serviceman's beneficiary designation under a policy governed by the Servicemen's Group Life Insurance Act (SGLIA), 38 U.S.C. §§ 1965-1979, prevailed over a constructive trust (based on a divorce decree) which a state court imposed upon the policy proceeds. Like FEGLIA, SGLIA establishes a specified "order of precedence" for policy beneficiaries. Subsection (a) of both 5 U.S.C. § 8705 and 38 U.S.C. § 1970 provides that policy proceeds shall first be paid to the insured's properly designated beneficiary. Because the applicable language of FEGLIA and SGLIA

are very similar, a case construing the latter, such as Ridgway, is highly persuasive, if not binding, in construing the former. See Metropolitan Life Ins. Co. v. Christ, 979 F.2d 575, 580-82 (7th Cir. 1992); see also Prudential Ins. Co. v. Hinkel, 121 F.3d 364, 367 (8th Cir. 1997); Brewer v. Zawrotny, 978 F.2d 1204, 1206 n.2 (10th Cir. 1992).

The Court in Ridgway concluded that Congress, in enacting SGLIA, "spoke[] with force and clarity in directing that the proceeds belong to the named beneficiary and no other." Ridgway, 454 U.S. at 56 (internal quotations omitted). Thus, we are bound to conclude the state divorce decree directing the decedent to designate his children as beneficiaries under his life insurance policy conflicted with the decedent's right under FEGLIA to name the beneficiary, and must give way. See Christ, 979 F.2d at 582.

Finally, we note the children could have avoided today's result if they had complied with the 1998 amendment to FEGLIA prior to decedent's death in 2001. See Pub. L. No. 105-205, § 1, 112 Stat. 683 (July 22, 1998). Cognizant of the possible inequities in cases such as this, Congress created an exception to the insured's unfettered right to name the beneficiary of his or her choosing under § 8705(a). Subsection (a) is now subject to § 8705(e). Subsection (e) provides that domestic decrees may alter the order of precedence set forth in subsection (a) if "received, before the date of the covered employee's death," by the appropriate agency or office. As the district court explained: "To alter the designation of a beneficiary in this case by imposing a constructive trust

-6-

would directly contradict the language of § 8705(e) that specifically mandates the conditions that must be met for a court divorce decree to be given effect." <u>Zaldivar</u>, 337 F. Supp. 2d at 348.

**AFFIRMED.**

Each party shall bear their own costs on appeal.