**Not For Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

---

No. 06-1799

MIGUEL PUNSODA-DÍAZ,

Plaintiff, Appellant,

v.

FORD MOTOR COMPANY,

Defendant, Appellee.

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO
[Hon. Justo Arenas, Chief U.S. Magistrate Judge]

---

Before

Torruella, Circuit Judge,
Baldock* and Stahl, Senior Circuit Judges.

---

Jorge M. Suro-Ballester on brief for appellant.
Carlos A. Steffens, with whom Manuel A. Guzmán
was on brief, for appellee.

---

January 10, 2007

---

* Of the Tenth Circuit, sitting by designation.

**BALDOCK,** <u>**Senior Circuit Judge**</u>.  The overriding issue in this diversity case governed by Puerto Rico law is whether Plaintiff failed to establish a prima facie case of a *design* defect in his vehicle's airbags in light of Defendant's admissions that (1) the airbags should not have deployed at the time of the accident, and (2) such deployment was the cause of Plaintiff's injuries.  The district court held that Plaintiff failed to establish a prima facie case and granted Defendant summary judgment.  We exercise jurisdiction under 28 U.S.C. § 1291, and summarily affirm.

The district court's opinion sets forth the factual details of this case and we need not repeat them here. <u>Punsoda-Díaz</u> v. <u>Ford Motor Co.</u>, Civil No. 02-2444 (SEC) (JA), Opinion and Order, at 1-2 (D.P.R., filed April 4, 2006).  To summarize, Plaintiff Miguel Punsoda-Díaz's 1993 Lincoln Mercury Towncar struck a concrete median about twelve inches high that separates traffic on a Puerto Rican avenue.  The vehicle was traveling at a fairly low rate of speed as Plaintiff was making a left turn onto the avenue. Plaintiff swerved to avoid a collision with another car and hit the median.  The vehicle's airbags deployed, breaking Plaintiff's arm in two places.

In granting Defendant Ford Motor Company summary judgment, the district court reasoned that, although the

-2-

airbags had not operated as intended (a point which Defendant concedes), Plaintiff failed to present any evidence the vehicle's airbag *design* was the proximate cause of his injuries:

> Plaintiff has failed to identify the actual defect in the [airbag] design. Although . . . an injury was suffered because of a defective product, in this case plaintiff must prove that it was due to a defect in the design of the product, and not merely that the product suffered from a defect. There is a difference between a defective product that has been manufactured according to specifications, and is defective because the defect is in the design of the product, and a defective product that has been manufactured defectively. . . . [Under plaintiff's design defect theory of the case] it is important for plaintiff to first establish that there is a specific feature in the design of the product that supposedly caused him damage. . . . While it is clear that the plaintiff was injured due to the deployment of the airbags, there are no facts that suggest the airbags suffered from a defect in their design. To the contrary, Dr. Galdos [*i.e.*, Plaintiff's expert] determined that the airbag system did not operate as designed because it deployed at a Delta V [*i.e.*, velocity] of less than four miles per hour although it is designed to be deployed at a Delta V of eight miles per hour or higher. Ford agrees that the air bag system was designed never to deploy when the Delta V was less than eight miles per hour. The mere allegation of the injury itself is not sufficient to establish a defect in the design, because if that were the case, whenever there is an injury the burden would invariably shift [to the manufacturer]. If plaintiff fails to introduce evidence to prove the first element of his claim, that is, the airbag system design proximately caused his injury, then he is not able [under his design defect theory of the case] to prove the existence of the defect in the airbags and that such defect caused him damages. . . . Whatever the reason for the deployment of the airbags at a Delta V of less than eight [miles per hour], there is no

-3-

> evidence pointing to a defective design of the
> airbag system as the culprit.

Id. at 15-17 (internal citations and quotations omitted).
On appeal Plaintiff argues (as he did in the district court)
that to establish a prima facie case of a design defect he
need only submit enough evidence so that a reasonable juror
could find his vehicle's airbags caused his injuries.

We have carefully reviewed the record and the parties'
briefs, and conclude the district court reached the correct
result under the applicable law.  Under Puerto Rico law,
before Plaintiff may prevail on a claim of defective airbag
design, he must show "'the product's *design* proximately
caused his injury . . . .'"  Rivera Santana v. Superior
Packaging, Inc., 132 D.P.R. 115, 129 (P.R. 1992) (emphasis
added) (quoting Barker v. Lull Eng'g Co., 573 P.2d 443, 456
(Cal. 1978)).[1]  Plaintiff has made no such showing.  We have
repeatedly opined that "'when a lower court accurately takes
the measure of a case and articulates a cogent rationale, it
serves no useful purpose for a reviewing court to write at
length.'"  Metropolitan Life Ins. Co. v. Zaldivar, 413 F.3d
119, 120 (1st Cir. 2005) (quoting Seaco Ins. Co. v. Davis-

---

[1] The alternative consumer expectation test for defective
design claims enunciated in Barker, 453 P.2d at 455-56, is
inapplicable to claims of design defects in automobiles.
See Quintana-Ruiz v. Hyundai Motor Corp., 303 F.3d 62, 77
(1st Cir. 2002) (applying Puerto Rico law).

-4-

Irish, 300 F.3d 84, 86 (1st Cir. 2002) (citing cases)). Accordingly, we affirm the district court's judgment for substantially the reasons set forth at pages 15-17 of its Opinion and Order dated April 4, 2006.[2]

**AFFIRMED.**

---

[2] We express no opinion on the district court's discussion of the risk-utility balancing test (based on its alternative assumption that Plaintiff had established a prima facie case of a design defect) found at pages 17-19 of its Opinion and Order.