Not for Publication in West's Federal Reporter

# United States Court of Appeals
## For the First Circuit

No. 08-1113

ZHOU LU,

Petitioner,

v.

MICHAEL B. MUKASEY, ATTORNEY GENERAL,

Respondent.

PETITION FOR REVIEW OF AN ORDER OF
THE BOARD OF IMMIGRATION APPEALS

Before

Howard, Baldock,[*] and Selya, <u>Circuit Judge</u>.

<u>Thomas V. Masssuci</u>, on brief, for petitioner.
<u>Gregory G. Katsas</u>, Acting Assistant Attorney General,
Civil Division, <u>Terri J. Scardon</u>, Assistant Director, and
<u>Manueal A. Palau</u>, Trial Attorney, Office of Immigration
Litigation, on brief, for respondent.

September 24, 2008

---

[*] Of the Tenth Circuit, sitting by designation.

**BALDOCK**, **Senior Circuit Judge**.   The Department of Homeland Security charged Petitioner Zhou Lu, a citizen of the Peoples Republic of China, with unauthorized entry into the United States under 8 U.S.C. § 1182(a)(6)(A)(i). Petitioner admitted the charge's factual allegations (contained in a Notice to Appear) and filed an application for asylum and withholding of removal.   See 8 U.S.C. §§ 1158(b), 1231(b)(3).[1]   In her application, Petitioner alleged a fear of persecution in China related to her involvement with Falun Gong.

Following a hearing at which Petitioner testified at length, the Immigration Judge (IJ) found her not credible. See id. § 1158(b)(1)(B)(ii),(iii) (establishing framework for credibility determinations).   Based on blanket findings, the IJ first concluded Petitioner was not eligible for asylum.   The IJ explained that Petitioner did not meet her burden of establishing that she was a "refugee" within the meaning of 8 U.S.C. § 1101(a)(42), i.e., having a well founded fear of persecution based on membership in, among other things, a religious or particular social group.   See id. § 1158(b) (requiring applicant for asylum to establish refugee status).   The IJ next concluded that Petitioner was

---

[1] Petitioner also unsuccessfully sought relief under the United Nations Convention Against Torture.  That claim is not before us on the Petition for Review.

not entitled to withholding of removal because she did not meet her burden of establishing her life or freedom would be threatened on account of religion or membership in a particular social group if removed to China.  See id. § 1231(b)(3).   The Board of Immigration Appeals (BIA) dismissed Petitioner's appeal, concluding the IJ's adverse credibility determination was not clearly erroneous.  See 8 C.F.R. § 1003.1(d)(3)(i).

In Jiang v. Gonzales, 474 F.3d 25, 27 (1st Cir. 2007) we set forth the standard of review applicable to the present Petition:

> This court reviews findings of fact in immigration proceedings, including findings with respect to credibility, to determine whether those findings are supported by substantial evidence in the record.   Under that standard, an adverse credibility determination may stand if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole.

(internal quotations and citation omitted).   We need not repeat Petitioner's story here.  We have carefully reviewed the entire record and the parties' briefs, and conclude that the IJ and BIA reached a permissible result under the applicable law.   We have repeatedly opined that "'when a lower court accurately takes the measure of a case and articulates a cogent rationale, it serves no useful purpose for a reviewing court to write at length.'"  Metropolitan Life Ins. Co. v. Zaldivar, 413 F.3d 119, 120 (1st Cir. 2005)

(quoting Seaco Ins. Co. v. Davis-Irish, 300 F.3d 84, 86 (1st Cir. 2002) (citing cases)). Because the BIA's decision is supported by substantial evidence, we deny the Petition for Review for substantially the reasons set forth in that decision. See Lin v. Mukasey, 521 F.3d 22, 26 (1st Cir. 2008) ("Where the BIA does not [expressly] adopt the IJ's findings, we review the BIA's decision rather than the IJ's.").

**PETITION FOR REVIEW DENIED.**