**Not for Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

No. 08-1103

KIMNY KEO,

Petitioner,

v.

MICHAEL B. MUKASEY, ATTORNEY GENERAL,

Respondent.

PETITION FOR REVIEW OF AN ORDER OF
THE BOARD OF IMMIGRATION APPEALS

Before

Torruella, Baldock,[*] and Lipez,
Circuit Judges.

Joseph A. MacDonald, on brief, for petitioner.
Gregory G. Katsas, Acting Assistant Attorney General,
Civil Division, Linda S. Wendtland, Senior Litigation
Counsel, and Justin Constantine, Trial Attorney, Office of
Immigration Litigation, on brief, for respondent.

September 25, 2008

[*] Of the Tenth Circuit, sitting by designation.

**BALDOCK, <u>Circuit Judge</u>.** The former Immigration and Naturalization Service (now the Department of Homeland Security) charged Petitioner Kimny Keo, a citizen of Cambodia, with overstaying his non-immigrant visa. <u>See</u> 8 U.S.C. § 1227(a)(1)(B). Petitioner admitted the charge's factual allegations (contained in a Notice to Appear) and filed an application for asylum and withholding of removal. <u>See</u> 8 U.S.C. §§ 1158(b), 1231(b)(3).[1] In his application, Petitioner alleged a fear of persecution in Cambodia related to his past political activities.

Following a hearing at which Petitioner testified at length, the Immigration Judge (IJ) found him not credible. <u>See</u> <u>id.</u> § 1158(b)(1)(B)(ii),(iii) (establishing framework for credibility determinations). Based on blanket findings, the IJ first concluded Petitioner was not eligible for asylum. The IJ explained that Petitioner did not meet his burden of establishing he was a "refugee" within the meaning of 8 U.S.C. § 1101(a)(42), <u>i.e.,</u> one having a well-founded

---

[1] Petitioner also unsuccessfully sought relief under the United Nations Convention Against Torture (CAT). Because Petitioner has not argued his CAT claim in his appellate brief, that claim is not before us on the Petition for Review. <u>See</u> <u>United States</u> v. <u>Zannino</u>, 895 F.2d 1, 17 (1st Cir. 1990) (recognizing "settled appellate rule that issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived").

fear of persecution based on, among other things, "political opinion." See id. § 1158(b) (requiring applicant for asylum to establish refugee status). The IJ further concluded Petitioner was not entitled to withholding of removal because he did not meet his burden of establishing his life or freedom would be threatened on account of "political opinion" if removed to Cambodia. See id. § 1231(b)(3). The Board of Immigration Appeals (BIA) dismissed Petitioner's appeal, agreeing with the IJ's "decision for the reasons stated therein." The BIA explained that the IJ's adverse credibility determination was not clearly erroneous. See 8 C.F.R. § 1003.1(d)(3)(i).

In Jiang v. Gonzales, 474 F.3d 25, 27 (1st Cir. 2007) we set forth the standard of review applicable to the present Petition:

> This court reviews findings of fact in immigration proceedings, including findings with respect to credibility, to determine whether those findings are supported by substantial evidence in the record. Under that standard, an adverse credibility determination may stand if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole.

(internal quotations and citation omitted). We need not repeat Petitioner's story here. We have carefully reviewed the entire record and the parties' briefs, and conclude the IJ and BIA reached a permissible result under the applicable law. We have repeatedly opined that "'when a lower court

accurately takes the measure of a case and articulates a cogent rationale, it serves no useful purpose for a reviewing court to write at length.'" Metropolitan Life Ins. Co. v. Zaldivar, 413 F.3d 119, 120 (1st Cir. 2005) (quoting Seaco Ins. Co. v. Davis-Irish, 300 F.3d 84, 86 (1st Cir. 2002) (citing cases)).  Because substantial evidence supports both the IJ's and BIA's respective decisions, we deny the Petition for Review for substantially the reasons set forth in those decisions.  See Lin v. Mukasey, 521 F.3d 22, 26 (1st Cir. 2008) ("Where the BIA adopts the IJ's ruling, but also engages in discussion of its own, we review the decisions of both together.").

**PETITION FOR REVIEW DENIED**.