[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-12826

_____

D.C. Docket No. 0:15-cv-62488-JIC

ROCKET REAL ESTATE, LLC,

Plaintiff - Appellee,

ERIC ROMANOW,

Plaintiff - Counter
Defendant - Appellee,

JOSEPH E. ALTSCHUL,
JOSEPH E. ALTSCHUL, LLC,

Intervenors - Appellees,

versus

LOURDES E. MAESTRES,

Defendant - Counter
Claimant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(January 30, 2019)

Before JORDAN, GRANT, and BALDOCK,* Circuit Judges.

BALDOCK, Circuit Judge:

This fight has gone on long enough.  In the current battle of this longstanding legal feud, Appellant Lourdes Maestres appeals from the district court's denial of her motion for sanctions against Appellees Eric Romanow, her former boyfriend; Rocket Real Estate, LLC ("Rocket"), Romanow's investment company; and Joseph Altshcul, the attorney who represented Romanow and Rocket in the proceedings below.  In the district court, where the facts sound more like a soap opera than a federal court case, Appellant asked the court to award her attorney's fees and costs as sanctions against Appellees for a laundry list of alleged Rule 11 violations including, but not limited to, filing claims in bad faith, fabricating evidence, and committing perjury and fraud on the court.  The district court determined Appellant failed to provide proper safe harbor notice to Mr. Romanow and Mr. Altschul under Federal Rule of Civil Procedure 11(c)(2) and denied the motion.  The court also held even if Appellant complied with the safe harbor provision, her motion would still fail because Appellees did not engage in conduct that would violate Rule 11 or rise to the level of fraud on the court. Undeterred by the district court's denial of her sanctions motion on both

---

* Honorable Bobby R. Baldock, United States Circuit Judge for the Tenth Circuit, sitting by designation.

procedural and substantive grounds, Appellant appeals, providing all parties the opportunity to continue their no-holds-barred legal feud.

On appeal, Appellant fires off eight issues: (1) whether Appellees were placed on notice that Appellant sought sanctions based on bad faith and improper purpose; (2) whether the district court should have considered the issue of bad faith or improper purpose; (3) whether the evidence in the record showed bad faith or an improper purpose; (4) whether Romanow's and Rocket's Stored Communications Act (SCA) claim was frivolous; (5) whether the frivolous or tenuous nature of the SCA claim should have been considered in connection with the evidence of bad faith or improper purpose; (6) whether the motion and record supported the imposition of sanctions; (7) whether the district court improperly denied Appellant's motion to strike or to obtain discovery; and (8) whether Appellant filed previous Rule 11 motions in the record by attaching them to the instant motion.[1]

Appellees Romanow and Rocket return fire, listing five issues for review: (1) whether Appellant's brief should be stricken and her arguments deemed waived, for violation of the local and appellate rules; (2) whether the district court abused its discretion in denying Appellant's motion for not complying with the safe harbor provision of Rule 11; (3) whether the district court abused its discretion in finding Appellee Romanow's claims under the SCA were not in bad faith or

---

[1]  Appellant attached two motions for sanctions (Doc. 249-1 and 249-2) to the motion at issue.

without legal merit; (4) whether the district court abused its discretion in finding all the allegations that Appellant accessed a facility were factually and legally supportable; and (5) whether the district court abused its discretion in not exercising its inherent powers to sanction Appellee Romanow.

Not to be outdone, Appellee Altschul says two more issues must be discussed: (1) whether the district court abused its discretion when it denied Appellant's motion on procedural grounds for failing to satisfy the safe harbor provision; and (2) whether the district court abused its discretion when it denied Appellant's motion on substantive grounds.

As we said, enough is enough.  "[W]hen a lower court accurately takes the measure of a case and articulates a cogent rationale, it serves no useful purpose for a reviewing court to write at length." *Metro. Life Ins. Co. v. Zaldivar*, 413 F.3d 119, 120 (1st Cir. 2005) (quoting *Seaco Ins. Co. v. Davis-Irish*, 300 F.3d 84, 86 (1st Cir. 2002) (citing cases)).  After a careful review of the record, the thorough decision of the learned trial court, the parties' briefing, the parties' oral arguments, together with motions filed after oral argument, we affirm the district court for substantially the reasons as provided in its Order Adopting Report of Magistrate Judge and Denying Motion for Attorneys' Fees. (Doc. 313.)

**AFFIRMED.**

4