FILED
United States Court of Appeals
Tenth Circuit

April 27, 2020

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

MK INTERNATIONAL LLC,

    Plaintiff - Appellant,

v.

CROWN PRODUCTS & SERVICES
INC.; AB RUBBER INC.; ARTHUR
BROWN,

    Defendants - Appellees.

No. 19-8010

(D.C. No. 2:17-CV-00173-ABJ)
(D. Wyo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **CARSON**, **BALDOCK**, and **EBEL**, Circuit Judges.

---

Bed ash is a waste product of certain coal-fired power plants used as an inexpensive hardening surface material to create non-permanent paths and roads in surface and subsurface mining operations. Plaintiff, MK International (MKI), is the marketer of "Bed Cur," a purportedly "unique" or "secret" sort of bed ash derived from a high sulphur coal burning reactor operated by the Southern Illinois Power Cooperative (SIPC). To assist in the marketing and sale of Bed Cur, MKI in 2014 entered into a "Sales Agency Agreement" (SAA) with Defendant AB Rubber,

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

whose owner was Defendant Arthur Brown (AB Rubber is now defunct), and a "Confidentiality Agreement" (CA) with Defendant Crown Products and Services (Crown). Defendants' alleged respective breaches of these agreements are the underlying bases for MKI's lawsuit. The district court, exercising both diversity and federal question jurisdiction, granted judgment to Defendants as a matter of law. Our review is do novo. Exercising jurisdiction under 28 U.S.C. § 1291, we summarily affirm.

MKI says that in reliance on the SAA and CA, it provided Defendants certain "trade secrets, confidential information, and business and customer information." This information included (1) the identity of MKI's source of bed ash, (2) instructions on how MKI composed, packaged, and marketed Bed Cur, (2) the amounts MKI paid for bed ash and charged for Bed Cur, and (3) the identity of MKI's customers and potential customers. MKI alleges Crown and AB Rubber unlawfully used the foregoing information to compete with and divert bed ash business from MKI.

MKI's First Amended Verified Complaint set forth the following state law causes of action: (1) Count I–Breach of Contract against AB Rubber, (2) Count II–Breach of Contract against Crown, (3) Count III–Breach of the Implied Covenant of Good Faith and Fair Dealing against all Defendants, (4) Count IV–Intentional Interference with Contractual Relationships against all Defendants, (5) Count

2

V–Misappropriation of Trade Secrets against all Defendants, (6) Count VII–Tortious Interference with Prospective Contractual Relationships against Crown, and (7) Count VIII–Fraud against Crown. The only federal cause of action MKI alleged in its amended complaint was Count VI–Civil Violation of the Defendant Trade Secrets Act, 18 U.S.C. § 1836, against all Defendants

The district court issued three well-reasoned written orders to dispose of MKI's claims. In its first order the court granted Defendant Crown's motion to dismiss the fraud claim contained in Count VIII of the complaint. (Dist. Ct. Dkt. #83). In its second order, issued two weeks later, the court granted all Defendants summary judgment on the remainder of MKI's claims. (Dist. Ct. Dkt. #90). In its final order the court granted in part and denied in part MKI's Rule 59(e) motion to alter or amend the judgment. (Dist. Ct. Dkt. #97). In that order the court acknowledged it made a factual error in its order granting Defendants summary judgment by stating MKI and a predecessor company that distributed bed ash, Freedom Inc., sourced their bed ash directly from SIPC. (Note the existence of a predecessor company marketing essentially the same product as MKI, *i.e.*, SIPC bed ash, itself undermines MKI's claim that its source of bed ash was confidential). But because MKI failed to link the mistaken fact to any legal argument in support of its positions, the court concluded its mistake had no bearing upon its previous legal conclusions. The court therefore refused to alter or amend its actual judgment.

MKI's statement of the issues in its opening brief sets the tone for our approach to resolving this appeal. MKI recites the following issues for our review:

1. Whether the district court erred when it dismissed MKI's fraud claim because there were and are many disputed material facts that must be submitted to the trier of fact.

2. Whether the district court erred when it granted the Defendants' motion for summary judgment because there were and are many disputed material facts that must be submitted to the trier of fact.

3. Whether the district court erred when it partially denied MKI's Motion to Alter or Amend Judgment.

Quite frankly, we cannot conceive of a more deficient statement of the issues. What are those "many disputed material facts" to which MKI's first and second issue statements refer? On what basis did the district court err by denying MKI's Rule 59(e) motion? A statement of the issues that merely accuses the district court of having overlooked unspecified material questions of law and fact and erred as a result is plainly insufficient for a court to infer specific grounds for error on appeal.[1] "[B]roadly worded issue[s] tell us absolutely nothing about the *precise* nature of the legal questions Plaintiff[] would have us resolve, and [are] *particularly* unhelpful." *Gray v. Univ. of Colo. Hosp. Auth.*, 672 F.3d 909, 914 (10th Cir. 2012) (emphasis added). Sifting through a voluminous record to determine whether the evidence is

---

[1] The state of MKI's advocacy has not gone previously unnoticed, with both the district court and Defendants expressing their frustration at times. Defendants assert on appeal that MKI improperly seeks to shift to this Court the burden of pointing out specific error. This appears not far from the truth.

sufficient to support a party's claims and *specifically* pointing out where the district court committed error is the job of such party—or more particularly its advocate—rather than this Court.

Despite MKI's minimal assistance, we have carefully reviewed the record, the law applicable to all its claims, and the parties arguments, no matter how cursory, and conclude the district court properly resolved this controversy. "[W]hen a lower court accurately takes the measure of a case and articulates a cogent rationale, it serves no useful purpose for a reviewing court to write a length." *Metro. Life Ins. Co. v. Zaldivar*, 413 F.3d 119, 120 (1st Cir. 2005) (Baldock, J., sitting by designation) (quoting *Seaco Ins. Co. v. Davis-Irish*, 300 F.3d 84, 86 (1st Cir. 2002)). Thus, we affirm the district court's judgment for substantially the reasons set forth in its prior dispositive orders. We add only the following brief comments.

Count I alleges breach of the SSA against Defendant AB Rubber. Count I does not mention AB Rubber's owner, Defendant Brown. Nonetheless, the district court, applying Colorado law to the SSA (no one disputed its application), decided Defendant Brown could not be held liable as a principal under the terms of the SSA because he signed the agreement in his capacity as AB Rubber's agent: "Because he was an agent and the [SSA] nowhere claims to bind him to it individually, Brown is not personally liable under the [SSA]." MKI's conclusory argument to the contrary is a page and a half and cites no legal authority. Absent the most cursory analysis,

5

MKI simply tells us the language of the SSA establishes that in addition to the companies themselves, the parties' intended for the individual agents of the companies to be bound by the SSA. MKI then concludes: "There are so many material facts in dispute concerning MKI's detailed breach of contract claims against Brown and AB Rubber, the district court's order granting summary judgment must be reversed and the matter remanded for trial." Simply stated, MKI has waived any argument on appeal that Defendants AB Rubber or Brown breached the SSA. MKI fails to meet its responsibility of adequately briefing the question of why the district court erred in holding neither Brown nor AB Rubber breached the SSA. *Holmes v. Colo Coal. For the Homeless Long Term Disability Plan*, 762 F.3d 1195, 1199 (10th Cir. 2014) (citing cases supporting the proposition that failure to adequately brief an argument waives the argument).

Count II alleges breach of the CA against Defendant Crown. The district court held as a matter of Wyoming law (no one disputed its application to all state law counts aside from Count I) that Crown had not breached the CA. Referencing numerous affidavits, MKI tells us "[t]he district court . . . failed to analyze whether each specific piece of confidential information was subject to the [CA] . . . . [MKI] asks this Court [to] closely examine and take into consideration each and every factual allegation that is set forth with Mr. Black's affidavit." (Black is MKI's vice-president). But apart from its inability to set forth a coherent legal argument, MKI

6

has an underlying problem with Count II. MKI's arguments surrounding the CA rest on an erroneous interpretation of the CA's exclusionary provision. This provision outlines what information is excluded from the CA, or, on other words, what information is not "confidential." MKI says the provision contains only two exclusions. But as the district court explained—a clear explanation with which we wholly agree—the plainer more sensible reading of the provision sets forth five exclusions and thus excludes much more information from the CA then MKI is willing to acknowledge. What MKI did acknowledged when it moved the district court to interpret the CA as a matter of law, however, is that if Crown's interpretation of the CA is correct then "Crown could do as it specifically did in this case." We conclude Crown's interpretation is correct.

Count III alleges Defendants breached the implied covenant of good faith and fair dealing. The district court held Defendants had not breached the implied covenant because neither AB Rubber nor Crown had breached the SSA or CA. Additionally, the court noted MKI failed to assert either AB Rubber or Crown had interfered with MKI's performance of the contracts. Under appropriate circumstances, Wyoming law recognizes a breach of the implied covenant of good faith and fair dealing as an independent tort apart from any underlying contract claim. *Cathcart v. State Farm Auto. Ins. Co.*, 123 P.3d 579, 589 (Wyo. 2005). But the covenant may not be construed to establish new, independent rights and duties

7

upon which the parties have not agreed. *Ultra Res., Inc. v. Hartman*, 226 P.3d 889, 920 (Wyo. 2010). A recovery in tort for the breach of the implied covenant is premised upon the existence of a special relationship between the parties created by unequal bargaining power, such as the power an insurer has over an insured. *Cathcart*, 123 P.3d at 589. In Wyoming, a party cannot breach the implied covenant of good faith and fair dealing if the actions alleged as a basis for its breach conformed to the clear language of the contract. *Ultra Res.*, 226 P.3d at 920.

In its analysis of Count III, MKI tells us little more than Crown lied to MKI by informing MKI that it was not competing in the bed ash market and was abiding by the CA. MKI says other contested material facts are just too numerous to outline: "There are so many other contested material facts concerning MKI's claim for breach of duty of good faith and fair dealing which were clearly identified for the district court that such facts can only be incorporated within this brief by reference." MKI then cites two affidavits and its verified complaint. Suffice to say here that because (1) Defendants actions did not constitute a breach of the SSA or CA, (2) Defendants did nothing to affect the right of MKI to receive the benefit of the contracts *as written*, and (3) no special relationship existed between MKI and Defendants—rather they bargained at arms length—Defendants were entitled to summary judgment under Wyoming law on MKI's claim for breach of the implied covenant of good faith and fair dealing.

8

Counts V and VII alleged Defendants violated both state and federal trade secret acts.[2] Among other things, the district court concluded MKI's failure to prevail on its breach of contract claims was fatal to its trade secret claims. At the very end of its argument on Count II, MKI adds one short paragraph regarding its trade secrets claims. After stating the district court "functionally ruled" these claims were barred because none of the purported trade secrets were actually secret, MKI sets out a one-sentence argument: "[T]he bases upon which the district court formed its decision is in conflict with the detailed evidence and contested material facts set forth within MKI's responsive pleadings." Because MKI's briefing on its trade secrets claims is wholly inadequate, its challenge to the district court's ruling on Counts V and VII is waived.

Count VI alleged Crown's tortious interference with present and prospective contractual relationships between MKI and its customers. The district court held that under the terms of the CA Crown was MKI's agent, and under Wyoming law a claim for interference with contractual relationships cannot survive if such claim asserts an agent for one party to the contract interfered with it. *Excel Constr., Inc. v. HKM Eng'g, Inc.*, 229 P.3d 40, 46 (Wyo. 2010). MKI's only response to such holding in

---

[2] MKI does not appeal Count IV, which alleged Defendants' interference with a purchase contract between MKI and Bankston Corp. MKI did not purchase bed ash directly from SIPC. Rather Bankston bought the bed ash from SIPC and then sold it to MKI.

its brief is that the question of Crown's status must go to the jury because Crown argued at one point it was not MKI's agent. But MKI wholly fails to develop such argument telling us "Crown's claim creates a genuine issue as to material fact." MKI sets forth no legal authority to support it argument.

Finally, Count VIII alleged fraud against Defendant Crown. The district court held the economic loss rule barred MKI's fraud claim because the complaint failed to allege a tort duty on behalf of Defendants independent of the CA. Under Wyoming law, the economic loss rule bars recovery in tort when a plaintiff claims purely economic damages unaccompanied by physical injury to persons or property. *Excel Constr.,* 229 P.3d at 45. The rule is founded on the theory that parties to a contract may allocate their risks by agreement and do not need the special protections of tort law to recover for damages caused by a breach of contract. *Id.* MKI's argument on Count VIII consists of one and a half pages. MKI cites one case, a district court case cited for the proposition that Fed. R. Civ. P. 8(d) allows claims to be pled in the alternative. Consequently, MKI once again fails to meet its responsibility of adequately briefing a legal question, this time the question of why the district court erred in holding the economic loss rule, a rule of Wyoming substantive law, does not bar MKI's fraud claim. *Holmes*, 762 F.3d at 1199.

\* \* \*

10

The judgment of the district court is AFFIRMED in its entirety.

Entered for the Court,


Bobby R. Baldock
United States Circuit Judge