FILED
United States Court of Appeals
Tenth Circuit

May 8, 2020

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JAMES JULIAN SALAZAR,

     Plaintiff - Appellant,

v.

LT. WHISKER, Inmate Services
Supervisor; TERRI WOOD,
Mailroom Supervisor,

     Defendants - Appellees.

No. 20-1023
(D.C. No. 1:19-CV-03269-LTB-GPG)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **BALDOCK,** and **CARSON**, Circuit Judges.[**]

At last report, Plaintiff James Julian Salazar was a prisoner in the custody of

the Arapahoe County Detention Facility in Centennial Colorado. Plaintiff filed a

§ 1983 complaint, pro se, asserting two claims that alleged a violation of his federal

due process rights. The first claim, against Defendant Whisker, arose out of

---

[*] This order and judgment is not binding precedent except under the doctrines
of law of the case, res judicata, and collateral estoppel. It may be cited, however,
for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case therefore is
ordered submitted without oral argument.

Plaintiff's inability to access information from his former inmate account regarding a pending lawsuit against detention center officials. The second claim, against Defendant Wood, arose out of an instance where his "legal mail" was opened outside his presence. In a report and recommendation (R&R), a magistrate judge concluded Plaintiff's first claim did not state an arguable claim for a deprivation of property or denial of court access under the Due Process Clause. The judge reasoned Defendant Whisker's lack of care in deleting files from Plaintiff's account while in the process of merging duplicate accounts amounted to nothing more than negligence. The magistrate judge further noted that unauthorized deprivations of a prisoner's property do not violate due process where adequate state post-deprivation remedies are available to the prisoner. As to Plaintiff's second claim the court explained that an isolated incident of opening a prisoner's legal mail outside the prisoner's presence does not violate the Constitution. The district court adopted the R&R and dismissed Plaintiff's constitutional claims with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) without requiring Defendants to answer. Plaintiff appealed but in his opening brief challenges only the district court's dismissal of his first claim. So we deem any challenge to his second claim waived. Our jurisdiction to review this matter arises under 28 U.S.C. § 1291 and our review is de novo.

Suffice to say we have carefully reviewed the record, the applicable law and Plaintiff's arguments, and conclude the district court properly resolved this

2

controversy.  "[W]hen a [district] court accurately takes the measure of a case and articulates a cogent rationale, it serves no useful purpose for [us] to write at length." *Metro. Life Ins. Co. v. Zaldivar*, 413 F.3d 119, 120 (1st Cir. 2005) (Baldock, J., sitting by designation) (quoting *Seaco Ins. Co. v. Davis-Irish*, 300 F.3d 84, 86 (1st Cir. 2002)).  Thus, we affirm the district court's judgment for substantially the reasons set forth on Plaintiff's first claim in the magistrate judge's R&R.  We add only that the district court's dismissal of Plaintiff's first constitutional claim with prejudice shall *not* be construed in any manner to hinder Plaintiff's ability to seek post-deprivation relief under Colorado state or administrative law.

Accordingly, Plaintiff's motion to proceed on appeal *in forma pauperis* is GRANTED and the judgment of the district court is AFFIRMED.

Entered for the Court,


Bobby R. Baldock
United States Circuit Judge