**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 11, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

_____

P.W.,

    Plaintiff - Appellant,

v.

COMMISSIONER, SSA,

    Defendant - Appellee.

No. 24-1263
(D.C. No. 1:23-CV-00749-STV)
(D. Colo.)

_____

## ORDER AND JUDGMENT[*]
_____

Before **McHUGH**, **BALDOCK**, and **EID**, Circuit Judges.
_____

P.W. ("Claimant")[1] appeals from a district court order affirming the Social

Security Commissioner's denial of her application for disability insurance benefits

under Title II of the Social Security Act ("SSA").  Exercising jurisdiction under

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument.  _See_ Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] The District of Colorado's local rules provide that "[a]n order resolving a social security appeal on the merits shall identify the plaintiff by initials only." D.C.COLO.LAPR 5.2(b).  We have no corresponding rule but adopt the district court's convention of using only initials or other non-identifying language when referring to P.W. throughout this Order and Judgment.

28 U.S.C. § 1291 and 42 U.S.C. § 405(g), we affirm for substantially the same reasons given by the district court, whose decision we summarize below.

## I.

### A. The Agency Decision

Claimant filed for disability benefits in 2009, alleging a disability onset date of May 1, 2008, when she was 40 years old. At that time, she claimed disability based on an anxiety disorder and neck pain stemming from injuries she sustained while serving in the United States Army in Iraq.[2] Since then she has been diagnosed with a plethora of medical conditions, many of which have been deemed severe impairments under the applicable Social Security regulations. She has also had several hearings, had her claim denied, and filed multiple appeals with varying degrees of success.[3]

In this action, Claimant challenges the January 23, 2023, agency decision partially approving and partially denying her claim. In that decision, which covers 89 single-spaced pages, an administrative law judge ("ALJ") recounted Claimant's background and medical history in detail and determined her disability status according to the five-step sequential evaluation process set forth in 20 C.F.R.

---

[2] While serving in Iraq, Claimant struck the back of her head falling from a tanker. Shortly thereafter, she hit the same part of her head on a tent pole.

[3] This case has an extensive procedural history. As summed up by the district court, "over nearly fifteen years since Plaintiff first applied for DIB benefits, there have been three [ALJs], six evidentiary hearings, five ALJ opinions, three Appeals Council remands, and three remands by this district court. There has also been a Congressional inquiry." Aplt. App. vol. 29/7287, n. 5.

§ 404.1520(a)(4). We need not summarize the ALJ's decision in its entirely. As relevant to this appeal, the ALJ found as follows:

1. Since the onset date of her alleged disability, Claimant has suffered from numerous severe impairments, including traumatic brain injury and cognitive disorder, major depressive disorder, an anxiety disorder, attention deficit and hyperactivity disorder, and posttraumatic stress disorder ("PTSD"). The ALJ concluded these disorders significantly limit Claimant's ability to perform basic work activities. He also found Claimant suffers from a host of non-severe impairments, including migraine headaches.

2. Claimant's impairments, whether considered singly or in combination, do not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("Listings").[4]

3. Despite her disability, Claimant retains the residual functional capacity ("RFC") to perform sedentary work with certain limitations. As relevant to this appeal, the ALJ found Claimant was limited to work consisting of no more than simple, routine, repetitive tasks. She was further limited to work that required no more than frequent interaction with coworkers and supervisors, but could not perform team or tandem work, and could not perform customer service work.

4. Before May 14, 2018 (Claimant's 50th birthday), considering her age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Claimant could have performed. After that date, there were no such jobs.

Based on these findings, the ALJ concluded Claimant was not disabled before May 14, 2018, but became disabled on that date on account of her changed age category.

The ALJ therefore issued a partially favorable decision.

---

[4] If, at step 3 of the sequential evaluation process, the claimant is found to have an impairment that meets or medically equals an impairment in the Listings, she is presumed disabled and entitled to benefits. *Lax v. Astrue*, 489 F.3d 1080, 1085 (10th Cir. 2007).

Claimant filed this action seeking judicial review the ALJ's decision. She

claims the ALJ failed to adequately assess the medical opinion evidence and that in

doing so, he failed to develop the record. This argument concerns the ALJ's decision

to reject or discount certain opinion evidence, primarily the opinion of consulting

physician Dr. Tracy Gordy, who testified Claimant met the Listing for PTSD.

Claimant also claims the ALJ wrongly discounted her subjective description of her

symptoms and erred in evaluating her neurological impairments. Claimant argues

these cumulative errors resulted in an RFC assessment that fails to account for the

disabling nature of her many impairments.

## B. The District Court's Decision

On April 22, 2024, the district court issued an order affirming the

Commissioner's denial of benefits before May 14, 2018. The court

recounted Claimant's medical and work history along with relevant information

concerning her activities of daily living. It then reviewed each step of the ALJ's

sequential analysis before concluding the ALJ's decision was free from legal error

and supported by substantial evidence.

The court upheld the ALJ's rejection of certain medical opinion evidence,

including Dr. Gordy's opinion, because it concluded he had complied with applicable

law and regulations governing the treatment of such evidence.[5] Acknowledging that

---

[5] For claims filed after March 21, 2017, the framework for evaluating medical opinions set out in 20 C.F.R. § 404.1520c applies. As the district court noted, however, because Claimant filed her claim in 2009, the former regulations apply to her claim. Under those regulations, the weight given to a particular medical opinion

the ALJ had been forced to choose between conflicting opinion evidence, the court

explained that it could "'not displace the ALJ's choice between two fairly conflicting

views, even though the court may justifiably have made a different choice had the

matter been before it de novo.'" Aplt. App. vol. 30/7300 (quoting *Zoltanski v.*

*F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)) (brackets omitted).

Undertaking a similar analysis, the court held the ALJ had complied with

governing regulations in evaluating Claimant's subjective description of her

symptoms, primarily her claims of debilitating headaches.[6]  The ALJ had

acknowledged Claimant's consistent complaints of headaches but found "the

frequency, intensity, location, and duration of the headaches ha[d] been rather

inconsistent." Aplt. App. vol. 30/7303 (internal quotation marks omitted).  This,

combined with a relatively conservative treatment regimen and Claimant's work

history and daily activities,[7] led the ALJ to discount her testimony concerning

headache-related impairments.  The district court therefore concluded the ALJ had

---

depends on several factors, including the examining relationship, treatment
relationship, supportability, consistency, and specialization.  *See* 20 C.F.R.
§ 404.1527(c).  "The opinion of an examining physician is generally entitled to less
weight than that of a treating physician, and the opinion of an agency physician who
has never seen the claimant is entitled to the least weight of all." *Robinson v.*
*Barnhart*, 366 F.3d 1078, 1084 (10th Cir. 2004).

[6] When a claimant alleges impairment-related symptoms, including pain, the
agency evaluates those symptoms under the process set forth at 20 C.F.R.
§ 404.1529.

[7] The ALJ thought it significant that Claimant had "been successful in school,
used a variety of computers, obtained an associate's degree, plan[ned] on returning to
school, ha[d] worked in technical support until gallbladder surgery, drives, flies, and
generally ha[d] good retained function." Aplt. App. vol. 30/7303 (internal quotation
marks omitted).

considered the "proper factors" in evaluating Claimant's subjective complaints. *Id.* (citing 20 C.F.R. §§ 404.1529(c)(3)(i)–(vii) (listing factors the agency considers when evaluating symptoms such as pain, including a claimant's "daily activities," and "[t]he location, duration, frequency, and intensity of [a claimant's] pain or other symptoms"); SSR 16-3p, 2017 WL 5180304, at *7-8 (Oct. 25, 2017)).

The court also concluded the ALJ had properly evaluated Claimant's alleged neurological impairments. Claimant faulted the ALJ for failing to include handling or fingering limitations in the RFC assessment. But the court concluded the ALJ had adequately considered the neurological evidence and appropriately determined such limitations were not warranted: "'a reasonable mind might accept the ALJ's analysis as adequate to support his conclusion' that handling or fingering limitations were unnecessary." *Id.*, vol. 30/7305 (quoting *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019)) (brackets omitted).

Finally, the district court concluded the ALJ had met his burden at step five of the sequential evaluation process by posing a hypothetical to a vocational expert matching the RFC ultimately adopted by the ALJ. Claimant had challenged the hypothetical, claiming it failed to account for all her impairments. The district court rejected this argument, explaining that the "'[t]he ALJ was not required to accept the answer to a hypothetical question that included limitations claimed by [Claimant] but not accepted by the ALJ as supported by the record.'" *Id.*, vol. 30/7307 (quoting *Bean v. Chater*, 77 F.3d 1210, 1214 (10th Cir. 1995)).

Ultimately, the court affirmed the Commissioner's decision that Claimant was not under a disability within the meaning of the SSA before May 14, 2018. It therefore entered final judgment against Claimant and in favor of the Commissioner. This appeal followed.

## II.

In a social security case, "[w]e review the district court's decision de novo and independently determine whether the ALJ's decision is free from legal error and supported by substantial evidence." *Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005). Under the highly deferential substantial evidence standard, the threshold for affirmance is not high. Substantial evidence "is more than a mere scintilla." *Biestek*, 587 U.S. at 103 (internal quotation marks omitted). "It means— and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal quotation marks omitted). It is the ALJ's job to resolve evidentiary conflicts. We cannot reweigh the evidence or substitute our judgment for that of the agency. *Barnett v. Apfel*, 231 F.3d 687, 689 (10th Cir. 2000). Our review is limited to issues properly preserved in the district court and adequately presented on appeal. *Berna v. Chater*, 101 F.3d 631,632 (10th Cir. 1996).

After careful review of the record and the appliable law and regulations, we conclude the district court properly resolved Claimant's challenges to the ALJ's January 23, 2023, decision. "[W]hen a [district] accurately takes the measure of a case and articulates a cogent rationale, it serves no useful purpose for [us] to write at

length." *Metropolitan Life Ins. Co. v. Zaldivar*, 413 F.3d 119, 120 (1st Cir. 2005) (Baldock, J., sitting by designation) (internal quotation marks omitted).  Accordingly, we affirm the district court's judgment for substantially the same reasons articulated in its well-reasoned decision, dated April 22, 2024.

Entered for the Court


Bobby R. Baldock
Circuit Judge